1  **Quarles & Brady** LLP
   Firm State Bar No. 00443100
2  Renaissance One
   Two North Central Avenue
3  Phoenix, AZ 85004-2391
   TELEPHONE 602.229.5200

4  Proposed Attorneys for Debtor and Debtor-in-Possession

5
   John A. Harris (#014459)
6  john.harris@quarles.com
   Kelly Singer (#022024)
7  kelly.singer@quarles.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 'SA' NYU WA, INC., <br><br> Debtor. | In Proceedings Under Chapter 11 <br><br> Case No. 0:13-bk-02972-BMW <br><br> **DECLARATION OF JENNIFER TURNER IN SUPPORT OF CHAPTER 11 FILING AND FIRST DAY MOTIONS** |

I, Jennifer Turner, hereby declare, under penalty of perjury of the laws of the United States as follows:

1. I make this Declaration in connection with the voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code filed by 'SA' NYU WA, INC. ("**SNW**" or the "**Debtor**") on March 4, 2013 (the "**Petition Date**").

2. I am over the age of 21 years, and competent to testify in this case. I am a resident of Mohave County, Arizona. All of the statements I have made herein are true and correct to the best of my personal knowledge, information, and belief.

**A. Background Of SNW.**

3. I am the Chief Executive Officer of SNW. SNW's main office is located at 16500 E. Highway 66, Peach Springs, Arizona, which is on the reservation of the Hualapai Indian Tribe (the "**Nation**"). I have been the Chief Executive Officer of SNW since October 1, 2012.

4. The Nation is a federally recognized Indian tribe.

5. SNW was created in 2003, and it is a tribally-chartered corporation chartered by the Nation.

6. SNW was created to assist in the development and operation of the glass viewing bridge overlooking the Grand Canyon commonly referred to as "Skywalk" and its related facilities (the "**Skywalk**").

7. The Skywalk is located on the reservation of the Nation.

8. SNW is a tribal corporation that is separate from the Nation and from other corporations or instrumentalities of the Nation.

9. SNW's sole shareholder is the Nation. SNW has a six-person board of directors.

**B. SNW's Agreement With Grand Canyon Skywalk Development, LLC And Disputes Regarding That Agreement.**

10. In 2003, SNW entered into a Development and Management Agreement (the "**GCSD Agreement**") with Grand Canyon Skywalk Development, LLC ("**GCSD**"). GCSD is an entity owned and controlled by David Jin.

11. The GCSD Contract between SNW and GCSD related to the construction, development, operation and management of the Skywalk.

12. The only parties to the GCSD Agreement are GCSD and SNW. To the best of my knowledge and information, there is no contract or agreement between GCSD and the Nation or any other tribal corporation.

13. The Skywalk was opened for business in 2007.

14. After the Skywalk operations began, disputes arose between GCSD and SNW - SNW asserted (and continues to assert) that GCSD was (and is) in breach of its duties and obligations under the GCSD Agreement, and GCSD asserted that SNW was in breach of its duties and obligations under the GCSD Agreement. Efforts by the parties to resolve their disputes consensually, including through possible amendments to the GCSD Agreement, failed.

15. In the summer of 2011, GCSD initiated an arbitration proceeding against SNW to pursue GCSD's claims that SNW was in breach of the GCSD Agreement (the "**Arbitration Proceeding**"). After a number of procedural activities, and on August 16, 2012, an Arbitration Award in favor of GCSD and against SNW was issued in the Arbitration Proceeding, in the amount of approximately $28 million (the "**Arbitration Award**").

16. On February 11, 2013, the Federal District Court for the District of Arizona entered an Order confirming the Arbitration Award (the "**Confirmation Order**" and, together with the Arbitration Award, the "**Arbitration Rulings**").

17. The Arbitration Rulings state expressly that the Arbitration Award is against SNW only (not against the Nation or any other tribal or non-tribal entity), and that the award is recoverable only from assets of SNW (and not from assets of the Nation or any other tribal or non-tribal entity).

18. SNW filed a timely appeal of the Arbitration Rulings on February 27, 2013, and SNW intends to prosecute its appeal and obtain a reversal and vacatur of the Arbitration Rulings.

**C.    The Condemnation Proceeding Initiated By The Nation.**

19. The Nation is the owner of the Skywalk. In February of 2012, the Nation, pursuant to its powers under applicable tribal law, condemned GCSD's interests in the GCSD Agreement (the "**Condemnation**"). The Condemnation is the subject of proceedings between the Nation and GCSD that are pending in Hualapai Tribal Court, Case No. 2012-cv-017 (the "**Condemnation Action**").

**D.     GCSD's Efforts To Seize SNW's Assets.**

20.     Although the Arbitration Rulings are on appeal, GCSD has begun to pursue collection actions against SNW. GCSD has attempted to serve writs of garnishment on SNW's bank accounts. GCSD is seeking to compel a debtor's examination of SNW. Representatives of GCSD have stated in newspaper articles that GCSD may pursue other actions against SNW and its assets.

21.     In light of GCSD's actions, in particular efforts to seize SNW's bank accounts and funds, SNW is unable to continue business operations.

22.     In light of the Arbitration Rulings and GCSD's efforts to seize SNW assets, and pursuant to, among other things, a letter dated February 27, 2013, the Nation notified SNW that all operational responsibilities of SNW with respect to the Skywalk have been and are terminated by the Nation. Hwal'bay Ba:j Enterprises, Inc., dba Grand Canyon Development Corporation ("**GCRC**") - another separate tribal corporation - has been designated by the Nation to operate the Skywalk going forward on an interim basis.

23.     Under all of the circumstances, SNW does not have the ability or intention to continue its business operations.

24.     To minimize claims against SNW in light of its cessation of business operations, SNW terminated its employees effective February 27, 2013. SNW understands that the former SNW employees have been hired by GCSD.

25.     In an effort to preserve and maximize its remaining personal property assets, SNW also negotiated and executed a Letter Agreement with GCRC, effective as of February 28, 2013 (the "**Letter Agreement**") under which: (a) SNW sold and assigned on hand perishable goods (mainly food items) to GCRC for a cash payment in the amount of $27,864 (which is SNW's cost of acquiring such perishable goods); (b) consigned on hand non-perishable goods and photography supplies for sale by GCRC for a 90 day period, with GCRC to remit to SNW cash amounts for each sale as specified in the agreement; and (c) SNW leased to GCRC for

a 90 day term certain equipment with GCRC to pay a market lease rate to SNW. At the expiration of the 90 day term of the Letter Agreement, all unsold goods which are the subject of the agreement will be returned to SNW and the leases will expire. Any returned property and the leased equipment will be administered by SNW through appropriate proceedings in the Chapter 11 bankruptcy case.

### E. The Chapter 11 Case And SNW's Initial Motions.

26. SNW has filed this Chapter 11 case to prevent further collection efforts by GCSD for its sole benefit; to collect and preserve SNW's remaining assets for the benefit of all creditors and interested parties; to identify and administer claims asserted against SNW; and to prosecute an orderly liquidation and wind-up of its affairs through the Chapter 11 process.

27. To assist SNW in these efforts, SNW has retained qualified and experienced restructuring and bankruptcy counsel - Quarles & Brady, LLP (the "**Quarles Firm**"), and qualified and experienced third party financial consultants and advisors, MCA Financial Group, Ltd. ("**MCA**").

28. SNW requires the immediate and continuing assistance of the Quarles Firm and MCA in order to expeditiously assemble and preserve SNW's assets, to identify and assess claims asserted against SNW, and to take other actions necessary for SNW to proceed with its Chapter 11 case.

29. SNW fully supports and asks the Court to approve SNW's respective applications to employ the Quarles Firm and MCA in SNW's Chapter 11 bankruptcy case.

30. SNW also asks the Court to approve SNW's Motion to extend the deadline for SNW to file its bankruptcy Statement of Financial Affairs and Schedules. SNW's professionals, in particular MCA, are working diligently to complete a thorough analysis of SNW's books and records and other materials to assess and report on SNW's assets and potential creditors. SNW asks for additional time to file its Statement and Schedules to ensure that SNW and its professionals can complete their analysis and provide a full and accurate report in the

1 | Statement and Schedules for the review and benefit of the Court, creditors, and other interested
2 | parties.

3 |       31. To move its case along efficiently, SNW intends to file a proposed
4 | Chapter 11 plan and disclosure statement promptly after it completes the above-described
5 | analysis of its books and records, and assets and liabilities.

6 |       If called to testify, I would testify as I have stated in this declaration.

7 |       DATED this 4th day of March, 2013.

/s/ Jennifer Turner
Jennifer Turner