GREENBERG TRAURIG, LLP
David D. Cleary (AZ SBN 011826)
clearyd@gtlaw.com
Mark Tratos (NV Bar No. 1086)
tratosm@gtlaw.com
Pamela M. Overton (AZ SBN 009062)
overtonp@gtlaw.com
2375 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: 602-445-8000
Facsimile: 602-445-8100

*Attorneys for Grand Canyon
Skywalk Development, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>'SA'NYU WA, INC.,<br><br>Debtor. | No. 2:13-bk-02972-BMW<br><br>Chapter 11<br><br>**ORDER GRANTING MOTION OF GRAND CANYON SKYWALK DEVELOPMENT, LLC FOR ORDER REQUIRING THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE EXAMINATION OF THE DEBTOR AND GRAND CANYON RESORT CORPORATION PURSUANT TO FED. R. BANKR. P. 2004**<br><br>**Hearing Held:**<br>Time: 11:00 a.m.<br>Date: April 25, 2013<br>Place: Courtroom 602<br>230 North First Ave<br>Phoenix, AZ 85003 |

The Court having considered: (1) the *Motion for Order Requiring the Production of Documents and Authorizing the Examination of the Debtor and Grand Canyon Resort Corporation Pursuant to FED. R. BANKR. P. 2004* [Docket No. 47] (the "2004 Motion")[1] filed by

---

[1] Capitalized terms used in this Order but not otherwise defined herein shall have the meanings ascribed to them in the 2004 Motion.

LV 419984900v3

Grand Canyon Skywalk Development, LLC ("GCSD"); (2) the *Objection to Motion filed by Grand Canyon Skywalk Development, LLC for Discovery under Bankruptcy Rule 2004* [Docket No. 50] (the "Debtor's Objection") filed by 'Sa' Nyu Wa, Inc., the above-captioned debtor and debtor in possession ("SNW"); (3) the *Reply to Debtor's Objection to Motion for Order Requiring the Production of Documents and Authorizing the Examination of the Debtor and Grand Canyon Resort Corporation Pursuant to FED. R. BANKR. P. 2004* [Docket No. 57]; (4) the *Declaration of Donald L. Prunty in Support of Reply to Debtor's Objection to Motion for Order Requiring the Production of Documents and Authorizing the Examination of the Debtor and Grand Canyon Resort Corporation Pursuant to FED. R. BANKR. P. 2004* [Docket No. 59]; and (5) the presentations of counsel at the hearing on the 2004 Motion; and it appearing that the Court has jurisdiction over the 2004 Motion pursuant to 28 U.S.C. § 157(b)(2)(A); and due and adequate notice of the 2004 Motion having been given; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtor's Objection is overruled.

2. The 2004 Motion is **GRANTED** as provided in this Order.

3. Unless otherwise agreed between SNW and GCSD, no later than 5:00 p.m. Pacific Daylight Time on the date that is thirty (30) days following the entry of this Order, or, if such day falls on a Saturday, Sunday or federal holiday, the immediately following business day (the "Production Date"), SNW shall (i) produce the Documents listed on Exhibit A attached hereto at the law offices of Greenberg Traurig, LLP, located at 2375 E. Camelback Road, Suite 700, Phoenix, AZ 85016, or (ii) make the Documents available to GCSD for inspection and copying.

4. Not later than 10:00 a.m. Pacific Daylight Time on the Production Date, Hwal'bay Ba:j Enterprises, Inc. dba Grand Canyon Resort Corporation ("GCRC") shall produce the Documents listed on Exhibit B attached hereto at the law offices of Greenberg Traurig, LLP, located at 2375 E. Camelback Road, Suite 700, Phoenix, AZ 85016.

5. Unless otherwise agreed upon by GCSD and SNW, SNW shall designate one or more of its officers, directors, agents, or other persons who consent to testify on SNW's behalf

and who are most knowledgeable as to all matters known or reasonably available to SNW with respect to the subjects set forth on <u>Exhibit C</u>, attached hereto, to appear at an examination at the law offices of Greenberg Traurig, LLP located 2375 E. Camelback Road, Suite 700, Phoenix, AZ 85016 at 10:00 a.m. Pacific Daylight Time on a date not later than thirty (30) days following the Production Date, or, if such day falls on a Saturday, Sunday or federal holiday, the immediately following business day (the "<u>Examination Date</u>").

6. At least three (3) days before the Examination Date, SNW shall identify to GCSD, by name and position, each person so designated and set forth the matters on which the person will testify.

7. Unless otherwise agreed upon by GCSD and GCRC, GCRC shall designate one or more of its officers, directors, agents, or other persons who consent to testify on GCRC's behalf and who are most knowledgeable as to all matters known or reasonably available to GCRC with respect to the subjects set forth on <u>Exhibit D</u>, attached hereto, to appear at an examination at the law offices of Greenberg Traurig, LLP located 2375 E. Camelback Road, Suite 700, Phoenix, AZ 85016 at 10:00 a.m. Pacific Daylight Time on a date not later than the Examination Date.

8. At least three (3) days before the Examination Date, GCRC shall identify to GCSD, by name and position, each person so designated and set forth the matters on which the person will testify.

9. GCSD and SNW are directed to work in good faith with one another with respect to the production and examination authorized by this Order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

**SIGNED AND DATED ABOVE**

# EXHIBIT A
# DEFINITIONS AND RULES OF CONSTRUCTION

1. The terms "all" and "any" shall include "any and all."

2. The term "Bank Accounts" shall include any and all bank accounts whether checking, savings or otherwise and specifically including, but not limited to, Wells Fargo accounts 934-6741417, 2043490768, 2043490768, 2043490784, 2043490776 and 2043490750, and US Bank account number 136496000.

3. The term "Communications" means the transmittal of information in any form, including without limitation in any written, oral or electronic form, and including all Documents.

4. The term "Concerning" means relating to, referring to, describing, evidencing or constituting. The term "evidencing" shall mean tending to show, in whole or in part, in any probative manner, the existence or nonexistence of any matter.

5. The term "Document" has the meaning assigned to "writings" and "recordings" in Rule 1001(1) of the Federal Rules of Evidence, and includes written materials, tape recordings and computer disks, computer drives and computer files.

6. "GCRC" refers to Hwal'bay Ba:j Enterprises, Inc., dba Grand Canyon Resort Corporation.

7. "GCSD" refers to Grand Canyon Skywalk Development, LLC.

8. The term "Identify" or "Identity" mean as follows:

   A. When used in connection with an individual, state: (i) his or her full name; (ii) his or her present or last known position; (iii) his or her present or last known employer and/or business affiliation; (iv) the dates of such employment or affiliation; and (v) his or her present or last known residential and business addresses and telephone numbers.

   B. When used in connection with a firm, partnership, corporation, proprietorship, joint venture, association, or other organization or entity: state: (i) its full name; (ii) present or last known address and place of incorporation or formation; (iii) present or last known principle place of

1

LV 419984900v3
Case 2:13-bk-02972-BMW    Doc 69    Filed 04/29/13    Entered 04/30/13 07:21:07    Desc
Main Document    Page 4 of 19

business; and (iv) Identify each person that acted for it or on its behalf with respect to the matters relating to the request or answer.

C. When used in connection with a Document, state: (i) the full name, address and phone number of the author; (ii) the nature or type of document; (iii) the date and time; (iv) the addressee or recipient; (v) the subject matter; (vi) whether the document is stored in physical or electronic form, or both; and (vii) the present location of the document. In lieu of such identification, you may attach a copy of the writing containing said written statement and refer thereto in your answer or, if the document has been produced, refer to it by its Bates number.

9. The term "Person" means an individual, or a firm, partnership, company, corporation, trustee, association, or any public or private entity.

10. "2003 Agreement" refers to that certain "Development and Management Agreement" entered into on December 31, 2003 by and between GCSD and SNW.

11. "2007 Agreement" refers to that certain "Management Agreement" entered into on February 19, 2007 by and between SNW and the Tribe.

12. "SNW" means 'SA' NYU WA, Inc.

13. "Skywalk" is the glass skywalk, gift shop, and other related facilities located on the rim of the Grand Canyon at Eagle Point.

14. "Tribal Council" means the tribal council of the Tribe.

15. "Tribe" means the Hualapai Indian Tribe.

16. "Turner Declaration" means the *Declaration of Jennifer Turner in Support of Chapter 11 Filing and First Day Motions* filed on March 4, 2013 [Docket No. 10].

17. "You" and "Your" refers to SNW and its officers, agents and employees.

If any Document requested herein is withheld on the basis of any claim of privilege, You are requested to submit, in lieu of such Document, a written statement (a) Identifying the Person(s) who prepared or authored the Document and, if applicable, the Person(s) to whom the Document was sent or shown, (b) specifying the date on which the Document was prepared or

transmitted, (c) describing the nature of the Document (e.g., letter, email, etc.), (d) stating briefly why the Document is claimed to be privileged; or to constitute work product, and (e) identifying the paragraph of the request to which the Document relates. If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document and the rest shall be produced.

## **DOCUMENTS TO BE PRODUCED BY YOU**

1. All Communications between You and the Tribe concerning Your rights under the 2007 Agreement, including but not limited to, the alleged termination of those rights.

2. All Communications between You and GCRC concerning the 2007 Agreement, including, without limitation, that certain Letter Agreement dated February 28, 2013 described in paragraph 25 of the Turner Declaration.

3. The letter from the Tribe to You dated February 27, 2013 which notified SNW that all operational responsibilities of SNW with respect to the Skywalk were terminated by the Tribe.

4. All Communications from January 1, 2012 to present supporting Your position that You have no further rights under the 2007 Agreement.

5. The following Documents relating to the time period from January 1, 2012 to present:

    a. Skywalk ticket sales from the point of sales summary shown by day, week, month and year, including the ticket price, any discounts and any credits.

    b. Accounts payable journal.

    c. Accounts payable detail.

    d. Accounts payable aging.

    e. Accounts receivable journal.

    f. Accounts receivable detail.

    g. Accounts receivable aging.

    h. Cash receipts journal.

    i. Cash disbursements journal.

j. Purchase journal.

k. General ledger.

l. General journal entries.

m. Payroll journal.

n. Payroll disbursements journal.

o. Quarterly federal and state payroll tax returns, including forms 941 and forms DE3.

p. All bank statements for any and all Bank Accounts.

q. All bank reconciliations.

r. All inventory records.

s. Detail of physical inventory accounts.

t. Fixed asset ledger (detail of physical assets).

u. All federal and state corporate income tax returns.

v. All sales tax returns.

w. All insurance policies.

x. All insurance declaration pages.

y. All insurance bills or statements.

z. All sales journals.

aa. Detail of all commissions paid.

bb. All equipment leases.

cc. All financial statements for all interim and year-end periods, including balance sheets, profit and loss, statement in changes in financial position, and notes to financial statements.

dd. All notes and loan documents.

ee. All documents relating to loans to You or monies borrowed by You.

ff. Billings received from any professionals, including, but not limited to accountants and lawyers, retained or employed by You.

gg. Billings for all marketing expenses that relate to the Skywalk.

hh.  Copies of all advertisements and promotional materials which advertise or promote a ticket price for the Skywalk.

6. All Communications between You and the Tribe concerning the 2003 Agreement.

7. All Communications from January 1, 2012 to present pertaining to transfers to "ACH Origination – SA NYU WA Corp File 1860765077 Coid 16111490029" from account 2043490750 including, but not limited to, those made on November 1, 2012, November 2, 2012, November 15, 2012, and November 29, 2012.

8. All Communications from January 1, 2012 to present pertaining to payments made to state, federal, or local taxing authorities.

9. Your corporate minute book, articles of incorporation, charter, minutes of any shareholder meetings, and share certificates.

10. All Communications from January 1, 2012 to present pertaining to Your receipt of any funds pursuant to the Skywalk Trust Agreement dated as of March 10, 2010, entered into by and between SNW, GCSD, and U.S. Bank National Association.

11. All Communications pertaining to any transfers of any of Your assets in an amount of $5,000 or greater to the Tribe, the Tribal Council, and members of the Tribe, exclusive of salary paid to members of the Tribe who are employees of SNW (but not bonuses).

12. All Communications pertaining to any valuation of Your interest in the 2003 Agreement.

13. All Communications pertaining to any valuation of Your interest in the 2007 Agreement.

14. All Communications pertaining to any valuation of Your interest in the Skywalk.

15. All Communications from January 1, 2012 to present pertaining to health and safety issues and inspections that relate to the Skywalk.

16. All of Your internal audit reports from January 1, 2007 to present.

17. All reports pertaining to Your internal accounting controls from January 1, 2007 to present.

5

*LV 419984900v3*
Case 2:13-bk-02972-BMW   Doc 69   Filed 04/29/13   Entered 04/30/13 07:21:07   Desc
Main Document    Page 8 of 19

## EXHIBIT B

## DEFINITIONS AND RULES OF CONSTRUCTION

1. The terms "all" and "any" shall include "any and all."

2. The term "Bank Accounts" shall include any and all bank accounts whether checking, savings or otherwise and specifically including, but not limited to, Wells Fargo accounts 934-6741417, 2043490768, 2043490768, 2043490784, 2043490776 and 2043490750, and US Bank account number 136496000.

3. The term "Communications" means the transmittal of information in any form, including without limitation in any written, oral or electronic form, and including all Documents.

4. The term "Concerning" means relating to, referring to, describing, evidencing or constituting. The term "evidencing" shall mean tending to show, in whole or in part, in any probative manner, the existence or nonexistence of any matter.

5. The term "Document" has the meaning assigned to "writings" and "recordings" in Rule 1001(1) of the Federal Rules of Evidence, and includes written materials, tape recordings and computer disks, computer drives and computer files.

6. "GCRC" refers to Hwal'bay Ba:j Enterprises, Inc., dba Grand Canyon Resort Corporation.

7. "GCSD" refers to Grand Canyon Skywalk Development, LLC.

8. The term "Identify" or "Identity" mean as follows:

   A. When used in connection with an individual, state: (i) his or her full name; (ii) his or her present or last known position; (iii) his or her present or last known employer and/or business affiliation; (iv) the dates of such employment or affiliation; and (v) his or her present or last known residential and business addresses and telephone numbers.

   B. When used in connection with a firm, partnership, corporation, proprietorship, joint venture, association, or other organization or entity: state: (i) its full name; (ii) present or last known address and place of incorporation or formation; (iii) present or last known principle place of

1

business; and (iv) Identify each person that acted for it or on its behalf with respect to the matters relating to the request or answer.

    C.    When used in connection with a Document, state: (i) the full name, address and phone number of the author; (ii) the nature or type of document; (iii) the date and time; (iv) the addressee or recipient; (v) the subject matter; (vi) whether the document is stored in physical or electronic form, or both; and (vii) the present location of the document. In lieu of such identification, you may attach a copy of the writing containing said written statement and refer thereto in your answer or, if the document has been produced, refer to it by its Bates number.

9.    The term "Person" means an individual, or a firm, partnership, company, corporation, trustee, association, or any public or private entity.

10.    "2003 Agreement" refers to that certain "Development and Management Agreement" entered into on December 31, 2003 by and between GCSD and SNW.

11.    "2007 Agreement" refers to that certain "Management Agreement" entered into on February 19, 2007 by and between SNW and the Tribe.

12.    "SNW" means 'SA' NYU WA, Inc.

13.    "Skywalk" is the glass skywalk, gift shop, and other related facilities located on the rim of the Grand Canyon at Eagle Point.

14.    "Tribal Council" means the tribal council of the Tribe.

15.    "Tribe" means the Hualapai Indian Tribe.

16.    "Turner Declaration" means the *Declaration of Jennifer Turner in Support of Chapter 11 Filing and First Day Motions* filed on March 4, 2013 [Docket No. 10].

17.    "You" and "Your" refers to GCRC and its officers, agents and employees.

If any Document requested herein is withheld on the basis of any claim of privilege, You are requested to submit, in lieu of such Document, a written statement (a) Identifying the Person(s) who prepared or authored the Document and, if applicable, the Person(s) to whom the Document was sent or shown, (b) specifying the date on which the Document was prepared or

transmitted, (c) describing the nature of the Document (e.g., letter, email, etc.), (d) stating briefly why the Document is claimed to be privileged; or to constitute work product, and (e) identifying the paragraph of the request to which the Document relates. If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be deleted or redacted from the Document and the rest shall be produced.

## DOCUMENTS TO BE PRODUCED BY YOU

1. All Communications between You and the Tribe concerning the 2007 Agreement.

2. All Communications between You and SNW concerning the 2007 Agreement.

3. The following Documents as of the date You began operating or receiving revenues from the Skywalk:

   a. Skywalk ticket sales from the point of sales summary shown by day, week, month and year, including the ticket price, any discounts and any credits.
   b. Accounts payable journal.
   c. Accounts payable detail.
   d. Accounts payable aging.
   e. Accounts receivable journal.
   f. Accounts receivable detail.
   g. Accounts receivable aging.
   h. Cash receipts journal.
   i. Cash disbursements journal.
   j. Purchase journal.
   k. General ledger.
   l. General journal entries.
   m. Payroll journal.
   n. Payroll disbursements journal.
   o. Quarterly federal and state payroll tax returns, including forms 941 and forms DE3.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

3

p. All bank statements for any and all Bank Accounts.

q. All bank reconciliations.

r. All canceled checks.

s. All inventory records.

t. Detail of physical inventory accounts.

u. Fixed asset ledger (detail of physical assets).

v. All federal and state corporate income tax returns.

w. All sales tax returns.

x. All insurance policies.

y. All insurance declaration pages.

z. All insurance bills or statements.

aa. All sales journals.

bb. Detail of all commissions paid.

cc. All equipment leases.

dd. All financial statements for all interim and year-end periods, including balance sheets, profit and loss, statement in changes in financial position, and notes to financial statements.

ee. All notes and loan documents.

ff. All documents relating to loans to You or monies borrowed by You.

gg. Billings received from any professionals, including, but not limited to accountants and lawyers, retained or employed by You.

hh. Billings for all marketing expenses that relate to the Skywalk.

ii. Copies of all advertisements and promotional materials which advertise or promote a ticket price for the Skywalk.

4. All Communications between You and the Tribe concerning the 2003 Agreement.

5. All Communications from January 1, 2012 to present pertaining to transfers to "ACH Origination – SA NYU WA Corp File 1860765077 Coid 16111490029" from account

4

2043490750 including, but not limited to, those made on November 1, 2012, November 2, 2012, November 15, 2012, and November 29, 2012.

6. All Communications as of the date You began operating or receiving revenues from the Skywalk pertaining to payments made to state, federal, or local taxing authorities.

7. Your corporate minute book, articles of incorporation, charter, minutes of any Tribal Council meetings.

8. All Communications pertaining to Your receipt of any funds pursuant to the Skywalk Trust Agreement dated as of March 10, 2010, entered into by and between SNW, GCSD, and U.S. Bank National Association.

9. All Communications as of the date You began operating or receiving revenues from the Skywalk pertaining to any transfers of any of Your assets received from the management or operation of the Skywalk in an amount of $5,000 or greater to the Tribe, the Tribal Council, and members of the Tribe, exclusive of salary paid to members of the Tribe who are employees of SNW (but not bonuses).

10. All Communications pertaining to any valuation of Your interest in the 2003 Agreement.

11. All Communications pertaining to any valuation of Your interest in the 2007 Agreement.

12. All Communications pertaining to any valuation of Your interest in the Skywalk.

13. All Communications from January 1, 2012 to present pertaining to health and safety issues and inspections that relate to the Skywalk.

14. All of Your internal audit reports as of the date You began operating or receiving revenues from the Skywalk.

15. All reports pertaining to Your internal accounting controls as of the date You began operating or receiving revenues from the Skywalk.

5

**EXHIBIT C**

SNW shall designate one or more of its officers, directors, agents, or other persons who consent to testify on SNW's behalf and who are most knowledgeable as to all matters known or reasonably available to SNW with respect to the subjects set forth below. At least three days before the date set for the examination, SNW shall identify, by name and position, each person so designated and set forth the matters on which the person will testify.

**MATTERS FOR EXAMINATION**

All capitalized terms shall have the definitions ascribed to them in Exhibit A to the Motion.

1. All Communications between You and the Tribe concerning Your rights under the 2007 Agreement, including but not limited to, the alleged termination of those rights.

2. All Communications between You and GCRC concerning the 2007 Agreement, including, without limitation, that certain Letter Agreement dated February 28, 2013 described in paragraph 25 of the Turner Declaration.

3. The letter from the Tribe to You dated February 27, 2013 which notified SNW that all operational responsibilities of SNW with respect to the Skywalk were terminated by the Tribe.

4. All Communications from January 1, 2012 to present supporting Your position that You have no further rights under the 2007 Agreement.

5. Communications relating to the time period from January 1, 2012 to present pertaining to:

    a. Skywalk ticket sales.
    b. Accounts payable.
    c. Accounts receivable.
    d. Cash receipts.
    e. Cash disbursements.
    f. Purchases.
    g. Payroll.
    h. Quarterly federal and state payroll tax returns.

1

LV 419984900v3

        i. Bank Accounts.

        j. Inventory.

        k. Federal and state corporate income tax returns.

        l. Sales tax returns.

        m. Insurance.

        n. Commissions.

        o. Equipment leases.

        p. Financial statements for all interim and year-end periods, including balance sheets, profit and loss, statement in changes in financial position, and notes to financial statements.

        q. Notes and loan documents.

        r. Billings received from any professionals, including, but not limited to accountants and lawyers, retained or employed by You.

        s. Billings for all marketing expenses that relate to the Skywalk.

        t. Advertisements and promotional materials.

6. All Communications between You and the Tribe concerning the 2003 Agreement.

7. All Communications from January 1, 2012 to present pertaining to transfers to "ACH Origination – SA NYU WA Corp File 1860765077 Coid 16111490029" from account 2043490750 including, but not limited to, those made on November 1, 2012, November 2, 2012, November 15, 2012, and November 29, 2012.

8. All Communications from January 1, 2012 to present pertaining to payments made to state, federal, or local taxing authorities.

9. Your corporate minute book, articles of incorporation, charter, minutes of any shareholder meetings, and share certificates.

10. All Communications pertaining to Your receipt of any funds pursuant to the Skywalk Trust Agreement dated as of March 10, 2010, entered into by and between SNW, GCSD, and U.S. Bank National Association.

11. All Communications pertaining to any transfers of any of Your assets in an amount of $5,000 or greater to the Tribe, the Tribal Council, and members of the Tribe, exclusive of salary paid to members of the Tribe who are employees of SNW (but not bonuses).

12. All Communications pertaining to any valuation of Your interest in the 2003 Agreement.

13. All Communications pertaining to any valuation of Your interest in the 2007 Agreement.

14. All Communications pertaining to any valuation of Your interest in the Skywalk.

15. All Communications from January 1, 2012 to present pertaining to health and safety issues and inspections that relate to the Skywalk.

16. All of Your internal audit reports from January 1, 2007 to present.

17. All reports pertaining to Your internal accounting controls from January 1, 2007 to present.

**EXHIBIT D**

GCRC shall designate one or more of its officers, directors, agents, or other persons who consent to testify on GCRC's behalf and who are most knowledgeable as to all matters known or reasonably available to GCRC with respect to the subjects set forth below. At least three days before the date set for the examination, GCRC shall identify, by name and position, each person so designated and set forth the matters on which the person will testify.

**MATTERS FOR EXAMINATION**

All capitalized terms shall have the definitions ascribed to them in Exhibit B to the 2004 Motion.

1. All Communications between You and the Tribe concerning the 2007 Agreement.
2. All Communications between You and SNW concerning the 2007 Agreement.
3. All Communications between You and the Tribe concerning the 2003 Agreement.
4. Communications as of the date You began operating or receiving revenues from the Skywalk pertaining to:
   a. Skywalk ticket sales.
   b. Accounts payable.
   c. Accounts receivable.
   d. Cash receipts.
   e. Cash disbursements.
   f. Purchases.
   g. Payroll.
   h. Quarterly federal and state payroll tax returns.
   i. Bank Accounts.
   j. Inventory.
   k. Federal and state corporate income tax returns.
   l. Sales tax returns.
   m. Insurance.
   n. Commissions.

1

o. Equipment leases.

p. Financial statements for all interim and year-end periods, including balance sheets, profit and loss, statement in changes in financial position, and notes to financial statements.

q. Notes and loan documents.

r. Billings received from any professionals, including, but not limited to accountants and lawyers, retained or employed by You.

s. Billings for all marketing expenses that relate to the Skywalk.

t. Advertisements and promotional materials.

5. All Communications from January 1, 2012 to present pertaining to transfers to "ACH Origination – SA NYU WA Corp File 1860765077 Coid 16111490029" from account 2043490750 including, but not limited to, those made on: November 1, 2012, November 2, 2012, November 15, 2012, and November 29, 2012.

6. All Communications as of the date You began operating or receiving revenues from the Skywalk pertaining to payments made to state, federal, or local taxing authorities.

7. Your corporate minute book, articles of incorporation, charter, minutes of any Tribal Council meetings.

8. All Communications pertaining to Your receipt of any funds pursuant to the Skywalk Trust Agreement dated as of March 10, 2010, entered into by and between SNW, GCSD, and U.S. Bank National Association.

9. All Communications as of the date You began operating or receiving revenues from the Skywalk pertaining to any transfers of any of Your assets received from the management or operation of the Skywalk in an amount of $5,000 or greater to the Tribe, the Tribal Council, and members of the Tribe, exclusive of salary paid to members of the Tribe who are employees of SNW (but not bonuses).

10. All Communications pertaining to any valuation of Your interest in the 2003 Agreement.

11. All Communications present pertaining to any valuation of Your interest in the 2007 Agreement.

12. All Communications pertaining to any valuation of Your interest in the Skywalk.

13. All Communications from January 1, 2012 to present pertaining to health and safety issues and inspections that relate to the Skywalk.

14. All of Your internal audit reports as of the date You began operating or receiving revenues from the Skywalk.

15. All reports pertaining to Your internal accounting controls as of the date You began operating or receiving revenues from the Skywalk.