Alan A. Meda (#009213)
Christopher Graver (#013235)
Sharon W. Ng (#024975)
**STINSON MORRISON HECKER LLP**
1850 N. Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
ameda@stinson.com
cgraver@stinson.com

Attorneys for Hwal'bay Ba:j Enterprises, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re<br><br>'SA'NYU WA, INC.,<br><br><br><br><br><br>Debtor. | Chapter 11<br><br>Case No. 2:13-bk-02972-BMW<br><br>**MOTION TO QUASH AND OBJECTION TO RULE 2004 ORDER TO THE EXTENT DIRECTED TO HWAL'BAY BA:J ENTERPRISES, INC., DBA GRAND CANYON RESORT CORPORATION** |

     Hwal'bay Ba:j Enterprises, Inc., a corporation chartered under the laws of the Hualapai Indian Tribe, a federally recognized sovereign Indian tribe, and doing business as Grand Canyon Resort Corporation ("**HBBE**"), *a sovereign non-party*, hereby objects to, and moves to quash, this Court's April 29, 2013 Order Granting Motion to Grand Canyon Skywalk Development, LLC for Order Requiring the Production of Documents and Authorizing the Examination of the Debtor and Grand Canyon Resort Corporation Pursuant to Fed R. Bankr. P. 2004 (the "**Rule 2004 Order**"), to the extent it is directed to HBBE.

     HBBE specially appears for the limited purpose of this Motion, and this Motion does not constitute HBBE's general appearance, consent to jurisdiction, or waiver of any objections, defenses, rights, or immunities to which HBBE may be entitled arising out of tribal sovereignty, any agreements,

law, equity, the Hualapai Constitution and/or the United States Constitution or otherwise. [*See* Dkt. No. 77, the contents of which are fully incorporated herein by this reference.]

For the reasons set forth below, this Court lacks jurisdiction over HBBE, a non-party, on account of HBBE's immunity from suit as a tribally-chartered corporation of the Hualapai Indian Tribe and the requested discovery, therefore, should not be permitted.

## **MEMORANDUM**

HBBE takes no position as to the Rule 2004 Order's application to SNW. HBBE, however, is a separate and unrelated corporation that was originally incorporated to operate numerous businesses unrelated to the Skywalk (although since March 2013, HBBE has been operating Skywalk). The Hualapai Indian Tribe wholly owns and chartered HBBE a decade before SNW came into existence. But more critically, HBBE is not subject to this Court's jurisdiction, or its Rule 2004 Order, because HBBE, as a non-party, tribal-owned, and tribally-chartered corporation, generally enjoys sovereign immunity. To the extent cases have held that Congress abrogated such immunity in bankruptcy proceedings through 11 U.S.C. § 106, those cases do not apply in the context of a subpoena to a non-party, tribal-owned, and tribally-chartered corporation in an administrative proceeding pursuant to Bankruptcy Rule 2004, were wrongly decided, and in any event § 106(a) is unconstitutional under the United States Constitution.

Accordingly, for the following reasons, HBBE is immune from this Court's jurisdiction (including orders to provide discovery) and that immunity has not been waived.

**1.** **The Relevant Facts.**

Debtor and debtor-in-possession 'Sa' Nyu Wa, Inc. ("**SNW**" or "**Debtor**"), a corporation chartered by the Hualapai Tribe (the "**Tribe**"), initiated this Chapter 11 proceeding on March 4, 2013 (the "**Petition Date**"). Until shortly before the Petition Date, SNW operated the Skywalk, a tribal-owned tourist attraction at the Grand Canyon.

The Rule 2004 Order at issue was entered at Grand Canyon Skywalk Development's ("**GCSD**") request. GCSD is a non tribal entity that previously developed and operated the Skywalk

1 under a contract with SNW.  GCSD is now pursuing claims against SNW and the Tribe pursuant to
2 that contract.

### 2. **HBBE Generally Enjoys Sovereign Immunity.**

GCSD served HBBE with the Rule 2004 Order seeking HBBE's business records for no particular stated purpose.  This requested discovery is an improper attempt to avoid HBBE's sovereign immunity and to stockpile information to which GCSD is not entitled.

Indian tribes have "long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978).  Sovereign immunity can be limited in only one of two ways:  by Congressional abrogation, or by an *express* waiver.  *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe*, 498 U.S. 505, 509 (1991); *see also Santa Clara Pueblo*, 436 U.S. at 58 (a waiver of sovereign immunity "'cannot be implied but must be unequivocally expressed'" (citations omitted)).  That same sovereign immunity, absent an express waiver, extends to wholly-owned tribal business enterprises such as HBBE.  *See In re Greene*, 980 F.2d 590, 598 (9th Cir. 1992) (interpreting prior version of 11 U.S.C. § 106(a) and holding that a wholly-owned tribal business that did business off the reservation, and that had not waived its immunity, was not subject to an avoidance action under 11 U.S.C. §547).  And sovereign immunity extends to a tribal business enterprise when it functions as "an arm of the Tribe" thereby providing it an economic benefit.  *Cook v. AVI Casino Enters.*, 548 F.3d 718, 725 (9th Cir. 2008).  In other words,"[t]he question is not whether the activity may be characterized as a business . . . but whether the entity acts as an arm of the tribe so that its activities are properly deemed those of the tribe." *Allen v. Gold Country Casino*, 464 F.3d 1044, 1046 (9th Cir. 2006).

HBBE is a Tribal-owned and formed corporation, formed under Tribal law, for purposes of managing and operating various tourism businesses for the Tribe's benefit.  HBBE is located, and does business, on the Tribe's reservation.  There is no question that HBBE acts as an arm of the Tribe and provides it with an economic benefit.  Accordingly, absent any express waiver of the Tribe's sovereign immunity, HBBE is entitled to that same immunity.

In that regard, HBBE has never expressly waived its sovereign immunity. HBBE's Management Agreement with the Hualapai Indian Tribe, as amended, unequivocally provides a *limited* waiver of sovereign immunity only as it relates to the Management Agreement:

> The Enterprise waives its immunity from suit for the sole purpose of arbitrating all claims, demands, disputes, controversies and differences arising between the parties under this [Management] Agreement and enforcing a decision or award by the arbitrator.

May 21, 1996 Management Agreement, as amended, May 8, 2002 (the "Management Agreement"), at § 10.3.2. Neither the Debtor nor GCSD is a party to that Management Agreement or is otherwise entitled to invoke its narrow waiver of sovereign immunity. Moreover, HBBE's Plan of Operation expressly provides that HBBE "shall be entitled to all the privileges and immunities of the Hualapai Indian Tribe." May 7, 2002 Plan of Operation (the "Plan of Operation") at 11.1. While HBBE is authorized to make limited waivers "for any particular agreement, matter or transaction" such waiver is limited to HBBE's "assets and/or income." Plan of Operation at 11.2 and 11.4. Other than the foregoing specific limited waivers, and in light of HBBE's limited appearance, HBBE has not appeared or expressly waived its sovereign immunity in any way. [*See* Dkt. No. 77.] Accordingly, this Court has no jurisdiction over HBBE.

### 3. 11 U.S.C. § 106(a) Does Not Apply to HBBE And The Lone Case To The Contrary Is Analytically Incorrect.

In 1994, Congress amended 11 U.S.C. §106(a) to provide for an express waiver of sovereign immunity as to "government entities" with respect to a number of specified sections of the Bankruptcy Code. *See* 11 U.S.C. § 106(a)(1). None of these enumerated Bankruptcy Code sections are pertinent to, or identified in, the 2004 Order. Simply stated: Section 106(a) has no application here.

In *Krystal Energy Company v. Navajo Nation,* 357 F.3d 1055 (9th Cir. 2004), as amended by 2004 U.S. App. LEXIS 6488 (9th Cir. 2004)), the Ninth Circuit held that Indian tribes, while not expressly included in the definition of "governmental entities" under §101(27) of the Bankruptcy Code, were nevertheless "governmental entities" whose sovereign immunity had been

waived. In *Krystal*, a creditor brought an adversary action against the Navajo Nation under §§ 505 (Determination of tax liability) and 542 (Statutory liens) of the Bankruptcy Code[1]. *Id*. at 1055. In abrogating the Navajo Nation's sovereign immunity for purposes of the adversary, the court's reasoning was premised on Congress' intent to include Indian tribes as "other foreign or domestic governments" as set forth in §§ 106 and 101(27). *Id*. at 1057. HBBE submits that this decision is contrary to a majority of circuit court decisions, and in any event, is not applicable to the discovery sought by GCSD.

HBBE is not a debtor in these proceedings. It has not sought the Bankruptcy Code's protections and has not submitted itself to the Court's jurisdiction. Unlike the Navajo Nation in *Krystal,* HBBE is not a defendant in any adversary proceeding or contested matter before this Court, and none of the Bankruptcy Code sections set forth in 11 U.S.C. § 106(a)(1) are applicable (let alone have they even been invoked). Finally, neither the 2004 Order, nor the application for such discovery, even suggest that § 106(a)(1)'s provisions are applicable to HBBE or support the requested discovery.

In addition to being based on facts not relevant to the discovery requested from HBBE, *Krystal* also conflicts with other circuit decisions, which have uniformly upheld tribal sovereign immunity. For example, examining the same question, *In re Whitaker*, 474 B.R. 687 (8th Cir. BAP 2012), reached the opposite conclusion as *Krystal* – because Indian tribes were not included in the very specific definition of "governmental entities," Congress unambiguously intended that they be treated as "governmental entities," and therefore Indian tribes are not subject to the waiver of sovereign immunity in §106(a). *Whitaker* refused to follow the multiple step analysis undertaken by *Krystal* to support abrogation of sovereign immunity, and instead observed as follows:

> The logic of *Krystal* . . . is that (1) the Supreme Court has referred to Indian tribes as "domestic dependent nations"; (2) Congress enacted §§ *106 and 101(27) of the Bankruptcy Code* with that reference in mind; (3) Congress abrogated sovereign immunity as to states, foreign states, and other foreign or domestic governments; and therefore, (4) Congress must have intended to include Indian tribes as "other foreign or domestic governments."

---

[1] Both Bankruptcy Code Sections 505 and 542 are identified in 11 U.S.C. § 106(a)(1).

*Whitaker*, 474 B.R. at 692-93. *Krystal's* analysis, *Whitaker* concluded, ignored the plain textual reality that § 106 was "far from an unequivocal expression of Congressional intent to abrogate the tribes' immunity, stated in explicit legislation." *Id*. Indeed, *Whitaker* further noted that even § 106's legislative history failed to show that Congress "even considered the effect of § 106 on tribes' sovereign immunity." *Id*. at 693. *Whitaker* also noted that none of the cases to which *Krystal* cited supported interpreting the phrase "governmental unit" as used in §§ 101(27) and 106(a) as including sovereign Indian tribes. *See id.* at 693-94. This, combined with § 106's plain text, does not equate to the sort of express abrogation of unequivocal tribal sovereign immunity our jurisprudence mandates. *See also In re Mayes*, 294 B.R. 145, 148-49, n.10 (B.A.P. 10th Cir. 2003) (noting that that the term "other foreign or domestic government" in the Bankruptcy Code does not abrogate tribal sovereign immunity); *In re Nat'l Cattle Cong.*, 247 B.R. 259, 265-67 (Bankr. N.D. Iowa 2000) (concluding that Congress has not unequivocally abrogated the Tribe's sovereign immunity to suit under the Bankruptcy Code).

Furthermore, *Krystal*'s reasoning directly contradicts decades of jurisprudence that (i) has required nothing short of an *express* waiver of a tribe's sovereign immunity to qualify as an enforceable waiver of sovereign immunity, and (ii) leaned heavily in favor of finding sovereign immunity, whenever there is any doubt or ambiguity, in order to protect tribes and their treasuries. *See Santa Clara Pueblo*, 436 U.S. at 58 (stating that waivers of sovereign immunity must be explicit); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1046 (9th Cir. 2006) ("Immunity . . . directly protects the sovereign Tribe's treasury, which is one of the historic purposes of sovereign immunity in general."). In summary, *Krystal* is wrongly decided, factually distinct, and inapplicable.

### 4. **Section 106(a) is Unconstitutional.**

Finally, § 106(a) is nothing more than the by-product of an unconstitutional exercise of commerce power pursuant to Article I, Section 8 of the United States Constitution. It is well-settled that the United States Constitution authorizes Congress to regulate commerce with the States and Indian tribes. *See* U.S. Const. Art. I, § 8, cl. 3 (stating that the Congress shall have the power "to regulate Commerce . . . with the Indian Tribes."). This authority is widely "recognized as the principal

basis for the extensive array of federal statutes affecting Indians and Indian tribes." Conference of Western Attorneys General, *American Indian Law Deskbook*, 170 (Larry Long & Clay Smith eds., 4th ed., 2008); *see also McClanahan v. Ariz. State Tax Comm'n*, 411 U.S. 164, 172 n.7 (1973) ("The source of federal authority over Indian matters has been the subject of some confusion, but it is now generally recognized that the power derives from federal responsibility for regulating commerce with Indian tribes and for treaty making.").

But this congressional power is limited and certainly cannot be used to abrogate sovereign immunity, as has been so held in at least four circuit appellate courts, including the Ninth Circuit. *Compare In re Mitchell*, 209 F.3d 1111, 1119 (9th Cir. 2000), *vacated on other grounds* by 2007 U.S. App. LEXIS 5001 (9th Cir. 2007) (finding that because § 106(a) is not remedial, it was not an appropriate exercise of Congress's enforcement powers and is therefore unconstitutional as to States); *In re Straight*, 248 B.R. 403, 416 (B.A.P. 10th Cir. 2000) (discussed *infra*); *In re Creative Goldsmiths*, 119 F.3d 1140, 1145 (4th Cir. 1997) ("[W]e hold in this case that Congress has no authority under the Bankruptcy Clause, *U.S. Const. art. I, § 8, cl. 4*, to abrogate state sovereign immunity in federal courts."); *In re Sacred Heart Hosp.*, 133 F.3d 237, (3d Cir. 1998) (discussed *infa*) *with In re Hood*, 262 B.R. 412, 428 (B.A.P. 6th Cir. 2001) (concluding that States ceded their sovereignty over bankruptcy discharge as part of the plan of the Constitutional Convention and finding that an arm of the state is not immune from a discharge ability action). Even *Krystal* acknowledged that the constitutionality of § 106(a), as it pertains to Indian tribes, is questionable. *See Krystal Energy Co. v. Navajo Nation*, 2004 U.S.App. LEXIS 6478, *5, n.2 (reprinting and amending 357 F.3d 1055 (9th Cir. 2004)) (noting there may be an issue of the statute's constitutionality but that "[n]o question has been raised in this case concerning the constitutionality as it applies to Indian tribes" and declining to consider the issue).

In *Straight* the court held that Congress' commerce power under Article I, Section 8, Clause 3 "does not include the power to abrogate the States' sovereign immunity." This is because years of jurisprudence made it "clear that Congress' Article I power '[t]o establish . . . uniform Laws on the subject of Bankruptcies throughout the United States' does not include the power to abrogate

the States' sovereign immunity." *Id*. at 416. *Sacred Heart*, following the Supreme Court's ruling in *Seminole Tribe v. Florida*, 517 U.S. 44, 72-73 (1995), opined that "Article 1 cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction" such that state sovereignty is abrogated. 133 F.3d at 243 ((quoting *Seminole Tribe v. Florida*, 517 U.S. 44, 72-73 (1995)). As such, *Sacred Heart* held that the Bankruptcy Clause was "not a valid source of abrogation power." *Id*.

There is no reason why, in light of *Straight's* and *Sacred Heart's* analysis, Congress is not equally limited under that very same Constitutional provision to abrogate a Tribe's long-settled sovereign immunity, even if that sovereignty does not emanate from the 11th Amendment but instead from federal common law recognizing a Tribe's sovereignty has existed from time immemorial. *See In re Maye*s, 294 B.R. at 150 (noting that "[a]lthough the Supreme Court has distinguished between tribal and state sovereign immunity, it has long recognized that Indian tribal immunity is similar in scope to that enjoyed by the states"). At minimum, this issue remains an open question in this Circuit. *See Krystal*, 2004 U.S.App. LEXIS 6478, *5, n.2.

Accordingly, for the same reasons that other circuits have found that § 106(a) unconstitutionally abrogates states' sovereignty under the United States Constitution, § 106(a) equally unconstitutionally abrogates Tribal sovereignty. Thus, this Court should quash the Rule 2004 Order.

**4.    Conclusion .**

Because HBBE enjoys sovereign immunity and for the other foregoing reasons, HBBE respectfully requests that the Court quash the Rule 2004 Order and enter such other relief as is just and proper.

DATED this 17th day of May, 2013.

|   |   |   |
|---|---|---|
|   |   | **STINSON MORRISON HECKER LLP** |
|   | By: | /s/ Alan A Meda |
|   |   | Alan A. Meda |
|   |   | Christopher Graver |
|   |   | Sharon W. Ng |
|   |   | 1850 N. Central Avenue, Suite 2100 |
|   |   | Phoenix, Arizona 85004-4584 |
|   |   | Attorneys for Hwal'bay Ba:j Enterprises |

COPY of the foregoing sent this 17th day of May, 2013, to:

David D. Cleary
Mark Tratos
Pamela M. Overton
Greenberg Traurig, LLP
2375 E. Camelback Rd., Suite 700
Phoenix, AZ 85016
clearyd@gtlaw.com
tratosm@gtlaw.com
overtonp@gtlaw.com
Attorneys for Grand Canyon Skywalk Development, LLC

John A. Harris
Kelly Singer
Quarles & Brady, LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
John.harris@quarles.com
Kelly.singer@quarles.com
Attorneys for Debtor and Debtor-in-Possession

Larry Watson
Office of the U.S. Trustee
230 N First Ave., Ste. 204
Phoenix, AZ 85003
Larry.watson@usdoj.gov


/s/ Rebecca J McGee